IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MELINDA L. HEATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06cv938-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

Plaintiff, Melinda G. Heath (hereinafter Plaintiff or Heath) applied for supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 (2000), alleging that she was unable to work because of a disability. Her applications were denied at the initial administrative level. Heath then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  See Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 1631(c)(3). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #12); Def.'s Consent to Jurisdiction (Doc. #13). Based on its review of the record and the briefs of the parties, the Court reverses and remands the Commissioner's decision.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

To make this determination,[2] the Commissioner employs a five step, sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The Court's review of the Commissioner's decision is a limited one.  This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  Hillsman v. Bowen, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).

---

[3] McDaniel v. Bowen, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  See, e.g., Ware v. Schweiker, 651 F.2d 408 (5th Cir. 1981) (Unit A).

**III.   ISSUES**

   *A.   Introduction*

Heath was twenty-eight years old at the time of the hearing before the ALJ and had a high school education. Tr. at 15, 21. Heath's prior work experience includes work as a commercial cleaner, sewer, and a cashier. Tr. at 20, 111, 191-92. Following the administrative hearing, ALJ Anderson concluded that Heath had three severe impairments and possessed a residual functional capacity (RFC) to perform past relevant work as a commercial cleaner as well as a significant number of other jobs existing in the national economy. Tr. at 18-19, 21.

   *B.   Heath's Claims*

Heath presents one issue for review: whether the ALJ's RFC findings are supported by substantial evidence. See generally Pl.'s Mem. of Law in Supp. Pl.'s Arg. (Doc. #14) at 7-10 (hereinafter Pl.'s Mem.).

Employing the five-step process, the ALJ found that Heath has not engaged in substantial gainful activity since the alleged onset date (Step 1); has three severe impairments, which include borderline intellectual functioning with learning disability, adjustment disorder, and cephalgia (Step 2); and the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3). Tr. at 20. The ALJ, however, found that Heath could perform her past relevant work as a commercial cleaner (Step 4). Id.  Heath had failed to establish her

*prima facie* case.

Notwithstanding that finding, the ALJ proceeded to Step Five of the sequential evaluation, because it was unclear whether Heath's past relevant work was performed at the substantial gainful activity level. At Step Five, the ALJ states he evaluated Heath's residual functional capacity (RFC) and also received testimony from a vocational expert (VE) regarding the availability in significant numbers of other work Heath could perform in the national economy. Upon consideration of the VE's testimony, the ALJ determined Heath possessed the RFC to perform jobs that exist in significant numbers in the national economy. Tr. at 19-21. Consequently, the ALJ found Heath has not been disabled since the alleged onset date. Tr. at 20-21.

## IV.  DISCUSSION

As stated above, Heath argues that the ALJ's mental RFC finding is not supported by substantial evidence. Heath makes five arguments in support of her position. First, Heath asserts the ALJ's instruction to the VE did not clearly indicate the medical report on which the ALJ relied, such that the VE could "pick and choose" the vocational limitations to apply. Pl.'s Mem. (Doc. #14) at 7. Second, Heath argues the ALJ's RFC findings "were more expansive than that ultimately presented to the VE." Id. at 8. As a result, Heath maintains the VE did not testify that Heath could perform the past relevant work and other jobs cited by the ALJ. Id. at 8-9. Third, Heath argues that the ALJ failed to address whether Heath could maintain attention and concentration adequate for two-

hour periods across an eight-hour day and did not present this information specifically to the VE.  Id. at 9.  Fourth, Heath maintains that the ALJ failed to address her declining IQ scores.  Id. at 9-10.  And, fifth, the ALJ failed to ask the medical expert additional questions after the expert indicated that Heath could do simple non-complex work.  Id. at 9-10.  The Commissioner counter argues that the ALJ's decision is supported by substantial evidence.  See generally Def.'s Mem. Supp. Comm'r Decision (Doc. #15) at 4-9 (Def.'s Mem.).

Turning now to Heath's first argument, she asserts the ALJ's instruction to the VE did not clearly indicate the medical report on which the ALJ relied to describe her mental impairments, such that the VE could "pick and choose" the vocational limitations to apply.  Pl.'s Mem. (Doc. #14) at 7.  The Commissioner claims the ALJ directed the VE to Exhibits 4 and 5, which contain evaluations from John Gam (Dr. Gam), Ph. D., a consulting psychologist, and Gordon J. Rankart (Dr. Rankart), Psy. D., a State agency reviewing psychologist.  See Def.'s Mem. (Doc. #15) at 5.  The Court takes issue with the ALJ's hypothetical.

The ALJ is required to outline explicitly all severe impairments in posing a hypothetical to the VE.  Bouie v. Astrue, 226 Fed. Appx. 892, 894 (11th Cir. 2007); Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citations omitted); Cook v. Barnhart, 347 F. Supp. 2d 1125, 1133 (M. D. Ala. 2004); Loveless v. Massanari, 136 F. Supp. 2d 1245, 1250 (M. D. Ala. 2001) ("The ALJ is required to pose a hypothetical

question to the VE which comprehensively describes the claimant's impairments.")

(citation omitted); McCray v. Massanari, 175 F. Supp. 2d 1329, 1333 (M. D. Ala. 2001)

(same); ( Davis v. Apfel, 81 F. Supp. 2d 1289, 1290 (S. D. Ala. 1999).  Here, the ALJ

ambiguously set forth his hypothetical to the VE, stating, in pertinent part:

> Okay.  If we found we have a claimant who [is] approximately 28 years of age who has 12 years of education in special ed[ucation].  I [will] assess borderline intellectual functioning.  She could be a little bit higher, but to be on the conservative side in terms of evaluation, I [will] assess her as borderline intellectual functioning.  The mental limitations would be found as stated in Exhibit 3F, which is Dr. Gam[ ]'s evaluation.  No, I [am] sorry.
> . . .
> That [is] 4F at page 5 I believe – five and six.  And I do [not] really think it adds anything in particular, but – because I think Dr. Gam[]'s statements are more complete, but the mental limitations that are stated at 5F at page 17.  So I would ask that you would take the ones that are – that you find more vocationally relevant or restrictive if that [is] the way to say it into effect, I think that Dr. Gam[]'s is probably a little more restrictive or at least more complete. . . .

Tr. at 217-18.  While not a model of clarity, the Court agrees with the Commissioner that

the ALJ did direct the VE to consider the mental limitations found in Exhibits 4 and 5.

Specifically, ALJ Anderson first directed the VE to Dr. Gam's evaluation and, in

particular, his statements found on pages five and six of Exhibit 4F.  Id.  The ALJ then

directed the VE to consider the mental limitations described on page 17 of Exhibit 5 by

Dr. Rankart.  Id.  The ALJ did not, however, explicitly outline which mental limitations

found in the two exhibits the VE should consider.  This omission precludes the Court

from determining that the ALJ comprehensively described Heath's severe mental

impairments (borderline intellectual functioning with learning disability and adjustment disorder).  See Tr. at 219-20.  Although the VE was made aware of Heath's mental limitations through the ALJ's direction to the two exhibits, the Court cannot assume the VE took into consideration the "more vocationally relevant or restrictive" mental limitations –or any limitations for that matter– from those exhibits in answering the hypothetical question concerning other work Heath could perform.  Pendley, 767 F.2d at 1562 (citing Brenem, 621 F.2d at 690).  Moreover, the Court has no basis for assuming that had these limitations been explicitly included in the hypothetical the VE's answer would have been the same.  Id.

Because the ALJ relied on the VE's testimony at Step Five, the Court must conclude that the ALJ failed to meet its burden of showing Heath could perform other gainful employment in the economy.  The Court holds the ALJ's determination is unsupported by substantial evidence.[4]  Pendley v. Heckler, 767 F.2d 1561, 1562 (11th Cir. 1985) (citing Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980)) ("[U]nless there was

---

[4] While Heath appears to claim the ALJ's hypothetical renders the RFC determination unsupported by substantial evidence, a review of the ALJ's determination reveals the ALJ did not specifically rely upon the VE's testimony, but rather, Heath's treatment records and activities, Drs. Rankart's and Gam's opinions, the medical expert's opinion, and Heath's use of only over-the-counter medication to support his RFC decision.  Tr. at 19.  Nevertheless, the RFC determination also indicates the ALJ relied on the "record as a whole."  Tr. at 19.  To the extent that the testimony was considered, the ALJ's reliance on the testimony was harmless error.  Mays v. Bowen, 837 F.3d 1362 (5th Cir. 1988) (holding that harmless errors are those that do not affect the ALJ's determination - i.e. where no substantial right was affected); Gulf States Utilities Co. v. Ecodyne Corp., 635 F.2d 517, 520 (5th Cir. 1981) (the harmless error rule is to preserve judgments and avoid waste of time); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (finding harmless error because it did not affect the ALJ's determination that claimant was not entitled to benefits).

vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills, and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence."); Black v. Apfel, 1999 U.S. Dist. LEXIS 17000 at *15 (Sept. 29, 1999); see Holley v. Chater, 931 F. Supp. 840, 851 (S. D. Fla. 1996).

As the "misuse of the expert's testimony alone warrants reversal," the Court need not consider Heath's other claims.  Pendley, 767 F.2d at 1562 (citing Western v. Harris, 633 F.2d 1204, 1207 (5 th Cir. Unit A 1981)).  Accordingly, the Court must reverse and remand the decision for further proceedings in accordance with this decision.

**V.    CONCLUSION**

The Court has carefully and independently reviewed the record and concludes that the Commissioner's decision is unsupported by substantial evidence.  It is therefore

ORDERED that the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this opinion.  A separate order will issue.

DONE this 6th day of September, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE